IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RYDER TRANSPORTATION SERVICES, §
§
    Plaintiff, §
§
v. §       Civil Action No. 3:15-CV-3325-N
§
MAALT LP, *et al.*, §
§
    Defendants. §

## ORDER

    This Order addresses Third Party Maalt Specialized Bulk, LLC's ("MSB") motion to intervene [4], Plaintiff Ryder Truck Rental, Inc., d/b/a Ryder Transportation Services's ("Ryder") motions for leave to file surreply [10] and to dismiss [21], and Defendants Maalt LP and Denetz Logistics, LLC's (collectively,"Guarantors") motion to strike jury demand [14].  The Court grants MSB's motion to intervene, denies Ryder's motions to dismiss and for leave to file surreply, and grants Guarantors' motion to strike jury demand.[1]

## I. ORIGINS OF THE DISPUTE

    In early 2014, Ryder and MSB entered into an agreement (the "Tractor Lease"), under which Ryder agreed to lease ninety-two tractors to MSB.  Pl.'s Resp. to Mot. to Intervene 2 [6].  Ryder also agreed to maintain and service those tractors, along with an additional one hundred trailers.  *Id.*  As a condition precedent to the Tractor Lease, Ryder entered into an agreement ("Guaranty Agreement") with Guarantors.  The Guaranty Agreement required Guarantors to "unconditionally and absolutely guarantee[] to Ryder the timely, full,

---

[1]The Guarantors' motion to strike jury demand is unopposed.  Accordingly, the Court grants the motion.

ORDER – PAGE 1

complete, and satisfactory performance and payment of any and all obligations of [MSB] under the [Tractor Lease]." Pl.'s Compl., Ex. G, ¶ 1 [1-7]. Ryder alleges that MSB breached the Tractor Lease when MSB failed to make payments pursuant to the Tractor Lease. *See* Pl.'s Compl. 2–8. Ryder brought this action when Guarantors refused to cover the losses Ryder incurred when Ryder's contract with MSB ended unfavorably. *Id.*

MSB moved to intervene, claiming that it ceased making payments after Ryder materially breached the Tractor Lease. *See* MSB's Mot. to Intervene 1–2 [4]. MSB claims Ryder failed to properly service the fleet pursuant to the maintenance provisions of the Tractor Lease. *Id.* MSB alleges that as a result of Ryder's failure to properly perform under the Tractor Lease, MSB sustained actual damages in excess of $300,000. *See* MSB's Reply 2 [9].

Guarantors answered Ryder's complaint and asserted multiple counterclaims, including claims that Ryder fraudulently induced MSB to enter into the Tractor Lease, Ryder fraudulently induced Guarantors to execute the Guarantee Agreement, and Ryder's prior material breach excused further performance under the Tractor Lease by MSB. *See* Guarantors' First Am. Answer and Countercl. 15–16 [17]. Guarantors seek declaratory judgment from the Court stating that because Ryder's prior material breach excused further performance under the Tractor lease by MSB, Guarantors are not liable under the Guaranty Agreement. *Id.* Ryder moved to dismiss the counterclaims.

## II. THE COURT GRANTS MSB'S MOTION TO INTERVENE

MSB moved the Court to intervene under both Federal Rule of Civil Procedure 24(a) and Rule 24(b). "The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding. The intervening party then becomes a 'party' for the purpose of protecting some right or interest alleged by the intervenor to be affected by the proceeding." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994). Rule 24(b) allows a court to grant permissive intervention. The rule states: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). The decision to grant permissive intervention lies wholly within the discretion of the district court. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984).

MSB seeks to intervene because Guarantors' liability under the Guarantee Agreement depends on whether Ryder materially breached the Tractor Lease. *See* MSB's Reply 9. MSB argues that if Ryder materially breached the Tractor Lease, then MSB had no obligation to continue making payments pursuant to the Tractor Lease. *See id.* According to MSB, under this set of facts, Guarantors would not be liable under the Guarantee Agreement. Moreover, MSB argues that this Court cannot determine whether Guarantors are liable under the Guarantee Agreement until it determines whether MSB materially breached its agreement with Ryder. *See id.* Thus, if the Court denied MSB's motion to intervene, it must stay the

current proceedings until it can resolve the underlying issues of liability in a separate action. *See id.*

Ryder maintains that because it "demanded and received [Guarantors'] absolute guaranty of [MSB]'s performance and payment . . . Ryder is entitled to collect the debt from [Guarantors] and to receive the benefit of the bargain struck, without joining [MSB] as a party or first having to prove [MSB]'s liability under the [Tractor Lease]." Pl.'s Resp. 11. The Court addresses this argument in more detail below. Even if Ryder's argument that it does not need to prove MSB's liability before collecting from Guarantors has merit, however, MSB "has a claim that shares with the main action a common question of law or fact." *See* FED. R. CIV. P. 24(b). Specifically, MSB's claim that Ryder materially breached the Tractor Lease before MSB ceased making payments under the Tractor Lease shares common questions of law and fact with the present action. Accordingly, the Court grants MSB's motion to intervene under Rule 24(b). Because the Court grants MSB's motion under Rule 24(b), it does not address MSB's arguments under Rule 24(a).[2]

---

[2]Because the Court does not consider the question of whether MSB is entitled to intervene as of right, the Court denies Ryder's motion to file surreply as moot. Ryder's surreply addresses only the question of whether MSB "has an interest in this action warranting intervention as of right." Pl.'s Surreply 1 [10-1].

### III. The Relevant Legal Standards of the Motion To Dismiss

#### A. Rule 12(b)(1) Standard

Under the Constitution, a federal court may decide only actual "Cases" or "Controversies." U.S. Const. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (internal quotation marks omitted). "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dallas v. Sebelius*, 2013 WL 687080, at *6 (N.D. Tex. 2013) (Boyle, J.) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 350 (S.D. Tex. 2011)).

A dismissal for lack of subject-matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "Lack of

subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

### B. Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

## IV. THE COURT DENIES RYDER'S MOTION TO DISMISS

### A. *Guarantors Have Standing To Assert Their Counterclaims*

The U.S. Constitution cabins judicial power by allowing courts to resolve only cases or controversies. *See* U.S. CONST. art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). The U.S. Supreme Court has interpreted this as a requirement that parties seeking relief from the judicial branch must establish "the irreducible constitutional minimum of standing." *Id.* at 560. Specifically, a party must demonstrate three things to have standing: (1) injury in fact; (2) the injury must be fairly traceable to the challenged action of the opposing party; and (3) it must be likely that the injury could be redressed by a favorable decision by the court. *Id.* at 560–61.

Ryder asserts that Guarantors lack standing to seek declarations that (1) Ryder fraudulently induced MSB to enter into the Tractor Lease; (2) Ryder breached the Tractor Lease; (3) Ryder's breach excused MSB's further performance under the Tractor Lease; (4) MSB is entitled to an offset in the amount of damages sustained by Ryder's breach; and (5) MSB is not liable to Ryder for the amounts claimed by it. *See* Pl.'s Mot. to Dismiss 10 [21]. Ryder argues that Guarantors lack standing to make these arguments because they were not members of the Tractor Lease and, when a suit sounds in contract, standing requires privity of contract. *See Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 217 (5th Cir. 1989). Moreover, Ryder asserts that under Texas law guarantors generally do not have standing to bring claims for breach of contract on behalf of the principal debtor. *See*

*Compass Bank v. Veytia*, 2011 WL 6046530, at *3 (W.D. Tex. 2011) ("Under Texas law, guarantors do not have standing to bring claims for breach of contract on behalf of the principal debtor even when . . . the debtor is both insolvent and the guarantor is its principal owner.").

Ryder's arguments are premised on the assumption that Guarantors seek to vindicate MSB's rights with their counterclaims. But this assumption mischaracterizes Guarantors' position. Guarantors do not assert their counterclaims to protect the interests of MSB, but rather their own interests. The Supreme Court of Texas has held, "a note and its absolute guaranty cannot be considered to be 'separate and distinct' when determining the extent of the guarantor's liability. The terms of the note must be examined to ascertain the guarantor's obligations." *Hopkins v. First Nat. Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex. 1977). Thus, before Ryder can make a claim under the Guarantee Agreement, it is necessary to examine the underlying agreement – in this case the Tractor Lease – to determine the obligations, if any, of the Guarantors. Guarantors have standing to assert counterclaims showing MSB has no liability under the Tractor Lease. If MSB has no liability under the Tractor Lease, then Guarantors have no liability under the Guarantee Agreement.

Ryder argues, however, that "an absolute guaranty generally imposes liability on the guarantor, regardless of whether the principal debtor is liable." Pl.'s Reply 3. Thus, according to Ryder, it can collect from Guarantors even if MSB is not liable to Ryder under

the Tractor Lease. This argument has no basis in law. Ryder attempts to buttress its argument by citing the following language of a Fifth Circuit case:

> A long line of Texas cases supplies the rule governing the liability of a guarantor vis-a-vis the liability of the maker. Generally, an unconditional guarantor is liable for payment even through [sic] the holder of the note cannot enforce the claim against the principal obligor (the maker), unless the claim against the principal obligor is void for illegality. Thus, the guarantor has been held liable even when the underlying obligation is unenforceable against the maker because the maker's signature was a forgery, because the interest on the underlying debt violated Texas's usury laws, because the maker's incurrence of the underlying debt was ultra vires, and because the statute of limitations barred action against the maker.

*United States v. Little Joe Trawlers, Inc.*, 776 F.2d 1249, 1252 (5th Cir. 1985) (punctuation and citations removed). Ryder misstates the conclusion of *Little Joe Trawlers* by conflating liability and enforceability. Although it is true, as *Little Joe Trawlers* explains, that a guarantor can be held liable for an underlying obligation even when that obligation cannot be enforced against the principal obligor, it does not follow that a guarantor can be held liable when there is no obligation or liability in the first place. *See Universal Metals & Mach., Inc. v. Bohart*, 539 S.W.2d 874, 879 (Tex. 1976) ("The liability of a surety is of course commensurate with that of its principal.").

The language of the Guaranty Agreement also refutes Ryder's argument that the Guarantee Agreement imposes liability on Guarantors regardless of MSB's liability under the Tractor Lease. The Guarantee Agreement states that Guarantors "unconditionally and absolutely guarantee[] to Ryder the timely, full, complete and satisfactory performance and payment of any and all obligations of [MSB] under the [Tractor Lease]." Pl.'s Compl., Ex.

ORDER – PAGE 10

G, 1 [1-7].  Thus, the language limits Guarantors' liability to only those obligations MSB

incurs under the Tractor Lease.  Accordingly, the Court denies Ryder's motion to dismiss

these counterclaims under Rule 12(b)(1).[3]

### B. The Guarantors Have Adequately Alleged Their Fraudulent-Inducement Claim

"A fraud cause of action requires a material misrepresentation, which was false, and

which was either known to be false when made or was asserted without knowledge of its

truth, which was intended to be acted upon, which was relied upon, and which caused

injury." *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960

S.W.2d 41, 47 (Tex. 1998).  To support a claim of fraud, a "false representation must concern

a material fact as distinguished from a mere matter of opinion, judgment, probability, or

expectation." *Harding Co. v. Sendero Res., Inc.*, 365 S.W.3d 732, 747 (Tex. App. –

Texarkana 2012, pet. denied) (citation and punctuation removed).  "Fraudulent inducement

. . . is a particular species of fraud that arises only in the context of a contract and requires

---

[3]In its Reply, Ryder also argues that the terms of the Guarantee Agreement prevent Guarantors from raising any counterclaims or defenses and therefore the Court should dismiss Guarantors' counterclaims under Rule 12(b)(1). *See* Pl.'s Reply 3–4; Pl.'s Compl., Ex. G, ¶ 6.  Ryder fails to explain how the language of the contract deprives the Court of jurisdiction, so the Court does not address the argument.  If Ryder meant this claim to be an additional argument that the Court should dismiss Guarantors' counterclaims under Rule 12(b)(6), then once again the Court does not address the argument because the Court will not consider new arguments in a reply brief. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.").

the existence of a contract as part of its proof." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

To survive a Rule 12(b)(6) motion to dismiss, a claim of fraudulent inducement must satisfy Rule 9(b)'s heightened pleading requirements. *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). Rule 9(b) states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The Fifth Circuit has interpreted Rule 9(b) to mean that a pleading must contain the "who, what, when, where, and how" of the fraudulent circumstances. *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). Moreover, "[s]light circumstantial evidence of fraud, when considered with the breach of promise to perform, is sufficient to support a finding of fraudulent intent." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986) (punctuation and citation removed).

Ryder argues that Guarantors' counterclaim that Ryder fraudulently induced Guarantors to enter into the Guarantee Agreement fails under Rule 12(b)(6). Pl.'s Mot. to Dismiss 13. Guarantors allege numerous representations that Ryder made to them that they claim are false. Specifically, Guarantors claim Ryder provided them with an executive summary of the proposed Tractor Lease that promised state of the art diagnostic and repair equipment and professionally trained, experienced technicians available full time at MSB's

ORDER – PAGE 12

work sites. *See* Defs.' Am. Answer 11–13. Guarantors also allege that from the beginning Ryder was unable to perform its obligations because it did not have the equipment necessary to service the vehicles and Ryder was unable to staff the Dilly facility properly. *Id.* at 14–15. Guarantors allege that Ryder's failure to perform its obligations led MSB to incur losses in excess of $300,000. *Id.* at 15. Ryder argues that its statements to Guarantors about its abilities to service MSB's vehicles were puffery and opinion. *See* Pl.'s Mot. to Dismiss 15–17. Moreover, Ryder argues that Guarantors have failed to show that Ryder did not intend to perform under the Tractor Lease and Guarantee Agreement. *See id.* 17–19.

Guarantors have alleged enough material facts for its claim of fraudulent inducement to survive Ryder's Rule 12(b)(6) motion under the heightened pleading standard of Rule 9(b). Ryder made representations to MSB and Guarantors that it had the capacity to service MSB's vehicles under the Tractor Lease. According to the Guarantors' pleadings – which this Court must accept as true – those representations were false. MSB and the Guarantors would not have entered into their agreements with Ryder had they known Ryder did not have the capacity to service the vehicles. These allegations show at least slight circumstantial evidence of fraud. Accordingly, the Court denies Ryder's motion to dismiss Guarantors' fraudulent inducement claim under Rule 12(b)(6).

## CONCLUSION

The Court grants MSB's motion to intervene, grants Guarantors' motion to strike jury demand, and denies Ryder's motions to dismiss and for leave to file surreply.

ORDER – PAGE 13

Signed July 5, 2016.

David C. Godbey
United States District Judge

ORDER – PAGE 14